STATE OF CONNECTICUT *v.* MARSHANT JONES
(AC 20643)

Lavery, C. J., and Schaller and Spear, Js.

Submitted on briefs May 10—officially released September 18, 2001

*Joseph Visone*, special public defender, filed a brief for the appellant (defendant).

*Michael Dearington*, state's attorney, *Timothy J. Sugrue*, senior assistant state's attorney, and *David P. Gold*, former supervisory assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Marshant Jones, appeals from the judgment of conviction, rendered after a combined court and jury trial,[1] of assault in the first degree in violation of General Statutes § 53a-59 (a) (3),[2] carrying a pistol without a permit in violation of General Statutes (Rev. to 1997) § 29-35[3] and criminal possession of a pistol or revolver in violation of General Statutes § 53a-

---

[1] The charges of assault in the first degree and carrying a pistol without a permit were tried to the jury, and the charge of criminal possession of a pistol or revolver was tried to the court.

[2] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ."

[3] General Statutes (Rev. to 1997) § 29-35 (a) provides in relevant part: "No person shall carry any pistol or revolver upon his person, except when such person is within his dwelling house or place of business, without a permit to carry the same issued as provided in section 29-28. . . ."

217c (a) (1).[4] The defendant claims that the prosecutor violated his right to a fair trial during closing arguments by (1) commenting to the jury on the defendant's failure to testify and (2) appealing to the jury's sympathy for the injured victim. We affirm the judgment of the trial court.

The court and the jury reasonably could have found the following facts. In the early morning hours of July 13, 1998, the victim and her best friend, Tangy Rollor, left a dance club in Hamden. After driving around for a while, the two women stopped at a convenience store, where they met the defendant. The defendant, a friend of both women, asked the victim if he could use her telephone. She agreed, and they all went to the victim's apartment in New Haven. Once in her apartment, the victim escorted the defendant into her bedroom, where the phone was located. After the defendant finished his call, he and the two women sat on the bed talking to one another.

During their conversation, the defendant took out a loaded handgun from his clothing, and began to wave and point it at the women. Both women pleaded with the defendant to stop playing and put away the gun. He refused to do so and eventually shot the victim in the right shoulder, severing her spinal cord. The victim collapsed to the floor and asked Rollor to call 911.

While waiting for the ambulance and the police to arrive, the defendant began pacing back and forth in the bedroom, apologizing to the victim and begging Rollor not to tell the police that he shot the victim. On hearing the police sirens, the defendant fled from the victim's apartment. The police arrested the defendant

[4] General Statutes § 53a-217c (a) provides in relevant part: "A person is guilty of criminal possession of a pistol or revolver when such person possesses a pistol or revolver . . . and (1) has been convicted of a felony . . . ."

on September 19, 1998, as he left a movie theater. He subsequently was convicted, and this appeal followed.

## I

The defendant first claims that the prosecutor violated his privilege against self-incrimination as guaranteed by the fifth amendment to the United States constitution[5] and article first, § 8, of the constitution of Connecticut.[6] Specifically, he claims that the prosecutor improperly invited the jury to draw an adverse inference against him solely because he exercised his right to a trial on the charge of carrying a pistol without a permit. The defendant bases his claim on remarks that the prosecutor made in his closing arguments.[7] In response,

[5] The fifth amendment to the United States constitution, which is made applicable to the states by virtue of the fourteenth amendment, provides in relevant part: "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."

[6] The constitution of Connecticut, article first, § 8, provides in relevant part: "In all criminal prosecutions . . . [n]o person shall . . . be deprived of life, liberty or property without due process of law . . . ."

"Because the defendant has not briefed his claim separately under the Connecticut constitution, we limit our review to the United States constitution. We have repeatedly apprised litigants that we will not entertain a state constitutional claim unless the defendant has provided an independent analysis under the particular provisions of the state constitution at issue. . . . Without a separately briefed and analyzed state constitutional claim, we deem abandoned the defendant's claim . . . ." (Internal quotation marks omitted.) *State* v. *Reid*, 254 Conn. 540, 553 n.6, 757 A.2d 482 (2000).

[7] The prosecutor made the following remarks to the jury in his rebuttal argument: "*The defendant isn't even admitting in this case he had a gun,* because you know, everything in today's world, it's just you say, I'm sorry, and that's it. Everything goes away. That's what happens here. You say, oh, my God, when something happens. You call it an accident. Geez, I didn't mean it, and everything goes away. Did [the defendant] care about [the victim's] life? If I stood here and gave this whole closing argument, as he did, his last—the last words he had in that room, how would each of you feel about it? Would I care about your life? I'm just waving this gun around. That's all. That's caring for someone's life. What that is, is such extreme indifference to human life, that it actually should shock your conscience." The prosecutor added: "You should convict him of assault in the first degree because that's what he's guilty of, and *he doesn't even admit that he's guilty of carrying a pistol without a permit.*" (Emphasis added.)

the state asserts that the defendant's rights were not violated because the two remarks at issue were harmless beyond a reasonable doubt. We agree with the state.

Although the defendant concedes that he failed to raise any objection to those statements at trial, he now seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[8] "The first two *Golding* requirements involve whether the claim is reviewable, and the second two involve whether there was constitutional error requiring a new trial. . . . This court may dispose of the claim on any one of the conditions that the defendant does not meet." (Internal quotation marks omitted.) *State* v. *Sanko*, 62 Conn. App. 34, 39, 771 A.2d 149, cert. denied, 256 Conn. 905, 772 A.2d 599 (2001). We conclude that the defendant's claim satisfies the first two prongs of *Golding* because an adequate record exists to review his claim and the defendant alleges a constitutional violation. Although the claim is reviewable, we conclude that because the remarks were harmless beyond a reasonable doubt, the defendant's constitutional right to a fair trial was not violated.

"It is well settled that comment by the prosecuting attorney . . . on the defendant's failure to testify is prohibited by the fifth amendment to the United States constitution. *Griffin* v. *California*, 380 U.S. 609, 615, 85 S. Ct. 1229, 14 L. Ed. 2d 106, reh. denied, 381 U.S. 957, 85 S. Ct. 1797, 14 L. Ed. 2d 730 (1965)." (Internal quotation marks omitted.) *State* v. *Hicks*, 56 Conn. App.

---

[8] In *Golding*, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

384, 393, 743 A.2d 640 (2000).[9] When reviewing a claim that the prosecutor's comments violated a defendant's fifth amendment right to remain silent, "we ask: Was the language used manifestly intended to be, or was it of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify? . . . Further, in applying this test, we must look to the context in which the statement was made in order to determine the manifest intention which prompted it and its natural and necessary impact upon the jury. . . . Finally, [w]e also recognize that the limits of legitimate argument and fair comment cannot be determined precisely by rule and line . . . ." (Internal quotation marks omitted.) *State* v. *Brown*, 256 Conn. 291, 311, 772 A.2d 1107 (2001).

The defendant objects to the following two remarks the prosecutor made to the jury: "The defendant isn't even admitting in this case he had a gun . . . . You should convict him of assault in the first degree because that's what he's guilty of, and he doesn't even admit that he's guilty of carrying a pistol without a permit."

"[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. . . . The state bears the burden of demonstrating that the constitutional error was harmless beyond a reasonable doubt. . . . That determination must be made in light of the entire record. . . . Stated another way, the question is whether it is reasonably possible that the court's refusal affected the verdict." (Citations omitted; internal quotation marks omitted.) *State* v. *Conn*, 234 Conn. 97, 113–14, 662 A.2d 68 (1995). We are convinced that the overwhelming strength of the evidence that the

[9] That principle is embodied in General Statutes § 54-84 (a), which provides in relevant part: "Any person on trial for crime . . . may testify or refuse to testify upon such trial. The neglect or refusal of an accused party to testify shall not be commented upon by the court or prosecuting official . . . ."

defendant possessed the gun without a permit renders the remarks harmless. Counsel for the defendant, in closing argument, virtually conceded that the state had proven every necessary element of each charge, except the "extreme indifference" element of the assault charge. The theory of the defense was that the incident was a "tragic accident" because the defendant "intended to wave the gun. He didn't intend to fire that gun." There was abundant evidence in support of each charge and there was no "reasonable possibility that the [remarks] complained of might have contributed to the conviction . . . ." (Internal quotation marks omitted.) *Chapman* v. *California*, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967).

Finally, the trial court gave the jury thorough and proper instructions on the defendant's constitutionally guaranteed right to remain silent and the state's burden to prove guilt beyond a reasonable doubt. We conclude that any possibly misleading effect of the prosecutor's isolated remarks was cured by the court's instructions. In the absence of contrary evidence, jurors are presumed to have followed the instructions given to them by the trial judge. *State* v. *Morton*, 59 Conn. App. 529, 537, 757 A.2d 667 (2000). We conclude that the prosecutor's remarks did not impinge on the defendant's constitutional right to a fair trial.

## II

The defendant's second claim, also unpreserved, is that the prosecutor violated his federal and state constitutional rights to a fair trial when he engaged in "an egregious pattern of appealing to the sympathy of the jurors" with comments about the victim.[10] The state

[10] Because the defendant does not present an independent state constitutional analysis of his claim, we confine our analysis to federal constitutional law. See *State* v. *Kellman*, 56 Conn. App. 279, 286 n.5, 742 A.2d 423, cert. denied, 252 Conn. 939, 747 A.2d 4 (2000).

maintains that the comments of the prosecutor were brief and isolated, and, therefore, did not evince a pattern of misconduct that deprived the defendant of a fair trial.[11] We agree with the state that the challenged remarks do not warrant a reversal of the defendant's conviction.

"Our Supreme Court has previously acknowledged that prosecutorial misconduct can occur in the course of closing argument. . . . It is well settled, however, that a defendant may not prevail under *Golding* . . . unless the prosecutorial impropriety was so pervasive or egregious as to constitute an infringement of the defendant's right to a fair trial . . . . Finally, we must review the challenged comments in the context of the entire trial, with due regard to the extent to which the objectionable remarks were invited by defense conduct or argument." (Citations omitted; internal quotation marks omitted.) *State* v. *Saez*, 60 Conn. App. 264, 267–68, 758 A.2d 894, cert. denied, 255 Conn. 905, 762 A.2d 912 (2000).

---

[11] Without objection by the defendant, the prosecutor stated in his closing remarks: "The defendant was enjoying a movie at the cinema . . . and [the victim] is probably sitting in a rehabilitation room at Gaylord [Hospital] learning how to empty her bladder." During rebuttal, the prosecutor stated: "[D]id everyone's heart go out to [the victim]? Did the defendant's heart go out to [the victim] as she pled with him to put the gun away? . . .

"I also want you to remember that feeling you had when after you heard from Ms. Rollor, and you heard from [a police officer], who talked about trying to get a response with the sternum rub, and then I asked the sheriff, would you ask [the victim] to come in, and then you realized what this case was all about as she came through the door. This is a young woman who had a night where her child was sleeping elsewhere that night, had a night to go dancing with friends, and she did that. . . . To say that our hearts go out to [the victim], in a sense, it's really an insult to her. I don't really think that she wants your heart to go out to her. She's not sitting in the back here looking for sympathy from you or anything like that. You know, if you want to do something for her in this case, make a donation to spinal cord research, but she's not going to walk any better, no matter what your verdict is in this case. So, you shouldn't decide this case on sympathy, because she doesn't want it. But, by the same token, you can't feel any sympathy for [the] defendant, either . . . ."

"[T]o determine whether claims of prosecutorial misconduct amounted to a denial of due process, we must decide whether the challenged remarks were improper, and, if so, whether they caused substantial prejudice to the defendant. . . . To make this determination, we must focus on several factors: (1) the extent to which the misconduct was invited by defense conduct or argument; (2) the severity of the conduct; (3) the frequency of the conduct; (4) the centrality of the misconduct to the critical issues of the case; (5) the strength of the curative instructions adopted; and (6) the strength of the state's case. . . . When a verdict is challenged on the basis of the prosecutor's allegedly prejudicial remarks, the defendant bears the burden of proving the remarks prejudicial in light of the whole trial." (Citations omitted; internal quotation marks omitted.) *State v. Payne*, 63 Conn. App. 583, 590, 777 A.2d 731, cert. granted on other grounds, 257 Conn. 904, 777 A.2d 195 (2001).

Applying those factors in this case, we are not persuaded by the defendant's argument that the remarks of the prosecutor unduly appealed to the emotions and passions of the jurors. Our careful review of the record discloses that except for the bladder remark, the challenged comments were made only during the state's rebuttal argument. The comments were in response to the defense attorney's argument that "[e]verybody's heart went out . . . to [the victim]." The prosecutor stated that the jurors should not decide the case on the basis of sympathy and that the victim was not looking for sympathy. The alleged misconduct was not relevant to the only seriously contested issue in the case, namely, whether the shooting was reckless or accidental. We have previously noted that the state had a very strong case that was virtually conceded as to all charges except the reckless element of the assault charge.[12]

[12] There were no curative instructions because the defendant's claim was not brought to the attention of the trial court.

The remarks did not demonstrate a pervasive pattern of misconduct and were not so blatantly egregious that they rose to the level of impinging on the defendant's constitutional right to due process. Accordingly, we conclude that the defendant's claim is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.