## STATE OF CONNECTICUT *v.* EDWARD VINES
## (SC 16852)

Sullivan, C. J., and Borden, Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued October 20, 2003—officially released March 23, 2004

on newly acquired manufacturing machinery and equipment it purchased from Lombardo's Ravioli, Inc.

*Donald D. Dakers*, with whom was *Katerina M. Rohner*, for the appellant (defendant).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *David Cohen*, state's attorney, and *James Bernardi*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. In this criminal appeal, we granted the defendant's petition for certification to appeal limited to the following issues: "1. Should this court determine, in the exercise of its supervisory power over the administration of criminal justice, that a trial judge may not absent himself [or herself] from the courtroom during the playback of testimony? 2. If the answer to the first question is 'yes,' should [the defendant's] conviction be reversed?" *State* v. *Vines*, 261 Conn. 943, 808 A.2d 1137 (2002). After fully considering the briefs and arguments of the parties, we affirm the judgment of the Appellate Court.

The following relevant facts and procedural history are set forth in the opinion of the Appellate Court. "The defendant, Edward Vines, appeals from the judgment of conviction of two counts of tampering with a witness in violation of General Statutes § 53a-151 (a).[1] The defendant was also charged with three counts of robbery in the first degree.

\* \* \*

"The trial on both the robbery and tampering charges began on May 6, 1999, and concluded on May 24, 1999. Following the completion of evidence and summation,

---

[1] General Statutes § 53a-151 provides in relevant part: "(a) A person is guilty of tampering with a witness if, believing that an official proceeding is pending or about to be instituted, he induces or attempts to induce a witness to testify falsely, withhold testimony, elude legal process summoning him to testify or absent himself from any official proceeding. . . ."

the court charged the jury on the afternoon of May 20, 1999. The jury deliberation lasted three days, beginning on May 20, and continuing on May 21 and 24, 1999. On the first day of deliberations, the jury requested a playback of certain trial testimony. The trial court granted the request and, before excusing itself, described the procedures that the court would follow when the playback occurred. The court first explained the procedures to the attorneys, outside the presence of the jury, and then to the jury.

"On the second day of deliberations, the jury [made] another . . . [request for the] playback of . . . testimony . . . . The court granted the request and excused the jury for lunch. Prior to the lunch recess, the court had a brief colloquy with [defense] counsel regarding who would be present in court when it reconvened after lunch. When [the] court reconvened, it instructed the jury on the procedures that it would follow during the playback. The court instructed the jury that, unlike [with] the first playback, the court, the defendant and both counsel would not be present. The defendant apparently agreed with this arrangement.

"Following two requests for further instruction on the law, the court granted a third request for the playback of testimony. This third request sought the playback of the defendant's testimony, and this also took place in the presence of only the clerk and the court monitor. At approximately 6 p.m. on May 21, 1999, the court reconvened and determined that the jury had not finished listening to the defendant's testimony. After the jury agreed to continue deliberations at 9:30 a.m. on May 24, 1999, the court repeated the instructions regarding the procedure for continuing the playback of testimony in its absence, as well as the explanation for the absence of the defendant and both counsel.

"On May 24, 1999, the jury returned for its last day of deliberations. On that day, the jury requested that it

be allowed to replay the testimony of [a police officer]. The court repeated its instructions to the jury regarding the playback procedure before clearing the courtroom for the last time. At no point during trial did the defendant object to the absence of the trial judge from the courtroom during the playbacks." *State* v. *Vines*, 71 Conn. App. 751, 752–57, 804 A.2d 877 (2002). Following deliberations, the jury returned a verdict of guilty on both counts of tampering with a witness. The trial court rendered judgment in accordance with the jury's verdict, from which the defendant appealed to the Appellate Court.

On appeal, the defendant claimed, for the first time, that the absence of the trial judge from the courtroom during the playback of testimony violated his rights to due process of law and to a fair trial under the fifth, sixth and fourteenth amendments to the United States constitution. The defendant further claimed that the court improperly had delegated its authority to a clerk during the criminal proceedings and, in conducting the playback of testimony in the defendant's absence, improperly had excluded the defendant and defense counsel from the courtroom, thereby depriving the defendant of his right to due process of law under the fourteenth amendment to the United States constitution.

The Appellate Court declined to address the merits of the defendant's unpreserved constitutional claim regarding the judge's absence from the courtroom, concluding that the defendant had failed to provide an adequate record for review and, consequently, had failed to satisfy the first prong of *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[2] *State* v. *Vines*, supra,

---

[2] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of

71 Conn. App. 762. The Appellate Court also declined to exercise its supervisory powers over the administration of justice to mandate the playback of testimony in the presence of the trial court in future cases. Id., 763. It nonetheless stated that trial courts should supervise the playback of testimony and noted its disapproval of the judge's absence from the courtroom in the present case. Id. The Appellate Court further stated that it would review future claims regarding unsupervised playbacks on a case-by-case basis. Id. The court ultimately upheld the defendant's conviction, concluding that the trial court had not delegated its judicial authority to the clerk and that the defendant had failed to demonstrate that his absence during the playback of testimony clearly deprived him of a fair trial. Id., 764, 769. This appeal followed.[3]

Our examination of the record and briefs and our consideration of the arguments of the parties persuade

a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40. "The first two *Golding* requirements involve whether the claim is reviewable, and the second two involve whether there was constitutional error requiring a new trial. . . . This court may dispose of the claim on any one of the conditions that the defendant does not meet." (Internal quotation marks omitted.) *State* v. *Jones*, 65 Conn. App. 649, 653, 783 A.2d 511 (2001).

[3] The defendant sought certification to appeal on the issues of whether the Appellate Court improperly had concluded that: (1) "the record was insufficient to review [his] *Golding* claim [concerning] the trial court's voluntary absence [during] the playback of the testimony of seven prosecution witnesses and that of the [defendant]; [the trial court did not delegate its] authority to the clerk during these playbacks; and its instructions regarding the procedures to be followed during the playbacks violated the [defendant's] due process rights"; and (2) "the [defendant] had waived his right to be present during the playbacks of testimony." We granted certification to appeal, however, limited to the issues of whether: (1) this court should determine, in the exercise of its supervisory power over the administration of justice, that a trial judge may not be absent from the courtroom during the playback of testimony; and (2) if the answer to the first question is "yes," whether the defendant's conviction should be reversed. *State* v. *Vines*, supra, 261 Conn. 943.

us that, on the basis of its well reasoned opinion, the judgment of the Appellate Court should be affirmed. In light of our previous discussion in *State* v. *Gould*, 241 Conn. 1, 15, 695 A.2d 1022 (1997) (court exercised supervisory power over administration of justice to require that videotaped deposition testimony be played "in open court under the supervision of the trial judge and in the presence of the parties and their counsel," rather than in jury room), we conclude that it would be inappropriate, and unnecessary, to invoke our supervisory authority in the present case. We agree, moreover, with the conclusion of the Appellate Court that the trial court's impropriety was harmless in this case. See *State* v. *Vines*, supra, 71 Conn. App. 763.

We note, further, that we are in full agreement with the Appellate Court's observation that the risk of actual harm is significant when a judge is absent from the courtroom during the playback of audiotaped testimony. We also note the Appellate Court's disapproval of the trial judge's absence from the courtroom in light of the relative ease with which this risk could have been avoided by the presence of the judge throughout the playback. This court also expresses its strong disapproval. Nevertheless, we agree with the Appellate Court's determination that such occurrences should be reviewed in the future on a case-by-case basis. Id.

The judgment of the Appellate Court is affirmed.