******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JOSE LUIS HERNANDEZ
(AC 41856)

Keller, Elgo and Pellegrino, Js.

*Syllabus*

The defendant, who had been convicted of assault in the first degree, appealed to this court. Following the defendant's conviction, the trial court scheduled sentencing and granted a motion filed by the state to increase the defendant's bond, reasoning that the defendant faced a substantial prison sentence and had a strong incentive not to appear at sentencing. Thereafter, the defendant posted his bond and the court granted his request for a thirty day continuance of his sentencing. The defendant subsequently failed to appear for sentencing on the date that he had requested, and the court sentenced the defendant in his absence. *Held* that the defendant could not prevail on his unpreserved claim that the trial court violated his constitutional right to be present at all critical stages of the prosecution when it sentenced him in abstentia: the defendant was unable to demonstrate that a constitutional violation existed because he waived his constitutional right to be present at sentencing by deliberately absenting himself from the proceedings, and, while the defendant's failure to appear for sentencing alone satisfied waiver, additional evidence demonstrated that the defendant knew that he was required to be present at sentencing and knowingly and voluntarily relinquished his right to be present; the defendant specifically requested a continuance of sentencing, and at no point asserted that he was unaware that he needed to be present for sentencing or that he did not know when sentencing was scheduled, and, as the court articulated, the defendant demonstrated a cavalier attitude toward the sentencing process, leaving the court unclear as to whether the defendant would appear, and, accordingly, the court did not abuse its discretion in denying the defendant's later request, made on the day of sentencing through defense counsel, to move sentencing back to later that day; moreover, the court did not improperly fail to make an express finding that the defendant had waived his right to be present, as the defendant did not cite to any case law requiring the court to make an express finding of waiver, and the court's statement that the defendant demonstrated a cavalier attitude was the functional equivalent of a finding of an implied waiver; furthermore, the defendant did not cite any case law that demonstrated that the court was constitutionally required to advise him, prior to sentencing, that sentencing would proceed in his absence if he did not appear, the court was not required to notify the defendant preemptively that his case would proceed in his absence without any indication that the defendant would not appear in court at some later time, as such a requirement would give the defendant the power to control the court by unilaterally preventing his case from proceeding.

Argued January 6—officially released May 5, 2020

*Procedural History*

Substitute information charging the defendant with the crime of assault in the first degree, brought to the Superior Court in the judicial district of New Haven and tried to the jury before *Blue, J.*; verdict and judgment of guilty, from which the defendant appealed to this court. *Affirmed.*

*Emily Graner Sexton*, assigned counsel, with whom were *Megan Wade*, assigned counsel, and, on the brief, *Matthew C. Eagan*, assigned counsel, for the appellant (defendant).

*Melissa Patterson*, assistant state's attorney, with

whom, on the brief, were *Patrick Griffin*, state's attorney, and *Stacey Haupt Miranda*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PELLEGRINO, J. The defendant, Jose Luis Hernandez, appeals from the judgment of conviction, following a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (1). On appeal, the defendant claims that the trial court violated his constitutional right to be present at all critical stages of his prosecution when it sentenced him in absentia. Specifically, the defendant claims that the trial court violated his constitutional right to be present at all critical stages of his prosecution because it failed (1) to make an express finding that the defendant waived his right to be present, and (2) to notify the defendant, prior to sentencing him, that sentencing would proceed in his absence if he did not appear. We disagree and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On September 27, 2014, the defendant and Julio Rodriguez engaged in a physical altercation outside of Chico's Market (market) on Ferry Street in New Haven, which resulted in serious injuries to Rodriguez. Rodriguez was an employee of the market and the defendant was a friend and frequent customer. On the day that the altercation occurred, the defendant arrived at the market at approximately 8 p.m. and stayed until the market closed at 10 p.m. While at the market, the defendant drank beer and ate dinner with Rodriguez, Ferrer (an employee), and Jose Gabin and Amparo Nicola, the market's owners.

The defendant and Rodriguez disagree about the events that led to the physical altercation between them. There is no dispute, however, that the defendant brandished a knife during the altercation and, ultimately, stabbed Rodriguez twice: once in the abdomen and once in the face.

It was not until April 18, 2015, that the defendant was arrested for assaulting Rodriguez. After his arrest, the defendant was released from custody on bond. A jury found the defendant guilty of assault in the first degree in violation of § 53a-59 (a) (1). The court accepted the jury's guilty verdict, ordered a presentence investigation report, and scheduled sentencing for January 26, 2018. On the basis of the guilty verdict and his prior criminal history, which included multiple assault convictions, the state asked the court to increase the defendant's bond. The court granted the state's motion to increase the bond and justified the $150,000 increase by noting that a guilty verdict had been entered against the defendant, that he faced a substantial prison sentence, and had a strong incentive not to appear at sentencing. Thereafter, the defendant posted the $300,000 bond.

On January 26, 2018, the defendant asked that his sentencing be continued for one month so he that

"could get his affairs in order." The court granted the defendant's request and sentencing was scheduled for February 22, 2018, at 10 a.m. On February 22, however, the defendant failed to appear. Ultimately, the court sentenced the defendant in his absence.

The court, in support of its decision to sentence the defendant in absentia, provided a summary of the case's procedural history. It explained that, on November 3, 2017, the defendant was convicted of assault in the first degree and the case was scheduled for sentencing on January 26, 2018. The defendant, however, asked the court to put off sentencing for approximately one month so he "could get his affairs in order." Next, in reviewing the presentence investigation report, the court noted that the probation officer responsible for preparing the report on the defendant made "several attempts to contact the [defendant] via mail, telephone, and fielded visits to two of his last known addresses—places of residence in West Haven and Hamden" to no avail. The court explained that the probation officer noted in the presentence investigation report that he reached out to the defendant's attorney in an effort to obtain updated contact information for the defendant and "[t]o date, [neither] the offender, nor his attorney [has] responded to any of [his] efforts." The court further stated, "[d]uring the home visit conducted at a West Haven address on file, an [identified] Hispanic male reported that the [defendant] did not reside at that address."

A few minutes later, the court then noted that the parties had discussed at side bar the defendant's failure to appear and asked defense counsel to state for the record the defendant's whereabouts and reason for his absence. Defense counsel stated that, ten minutes earlier, he had contacted the defendant on the telephone and the defendant "indicated that he was running late, that he still had a few items to take care of, and he implored me to ask this court to move the sentencing back to later today. I told him that pursuant to the court's hearing on the 26th of January that he had an obligation to be here at 10 a.m. and he needs to be here. He said he would do his best; however, there were things that he had to do, and with that he just implored me to ask the court to move it back to later today."

Thereafter, the court called the bond and ordered the defendant's rearrest, setting a bond on the rearrest warrant in the amount of $2,000,000. The court stated that, "under these circumstances," it was inclined to proceed with sentencing. Before sentencing the defendant, the court stated that "[t]his is an extremely serious case"; that the defendant "brought a knife to a fist fight"; that "this was an assault that could very easily have ended in a death"; and that the defendant has a "somewhat old, but very substantial history of assaults." Lastly, the court stated, "I would not necessarily have given him the maximum term, although I would have

given him a very substantial term under these circumstances for [the] reasons stated. But, here, he's—by not showing this morning he has demonstrated an extremely cavalier attitude to the entire process, which worries the court to no end. And, in fact, I don't know if it's at all clear that he would appear this afternoon or at any other time. And under these circumstances, the court cannot regard him as anything other than a dangerous menace to society. So, under all these circumstances, the court imposes a sentence of twenty years to serve." This appeal followed. Additional facts and procedural history will be set forth as necessary.

On appeal, the defendant claims that the trial court violated his right to be present at all critical stages of trial when it sentenced him in absentia because the trial court failed to make an express finding that the defendant waived his right to be present and to notify the defendant that sentencing would proceed in his absence if he did not appear. Consequently, the defendant argues that the sentence should be vacated and the case remanded for resentencing. The defendant concedes that he failed to preserve this claim for appeal, but argues that this claim is entitled to review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).

In response, the state claims that the trial court did not violate the defendant's right to be present by sentencing him in absentia, and, therefore, the defendant fails to satisfy the third prong of the *Golding* analysis. Specifically, the state argues that the trial court is not required to make an express finding that the defendant waived his right to be present at sentencing and that the trial court is not required to adequately inform the defendant, prior to imposing his sentence, that the sentencing would proceed in his absence if he failed to appear. We agree with the state.

We begin with the standard of review. A trial court's finding that a defendant has voluntarily absented himself from the proceedings is reviewed for an abuse of discretion. See *State* v. *Simino*, 200 Conn. 113, 130, 509 A.2d 1039 (1986); *State* v. *Edwards*, 158 Conn. App. 119, 140, 118 A.3d 615, cert. denied, 318 Conn. 906, 122 A.3d 634 (2015).

"It has long been settled that an accused enjoys a right both at common law and pursuant to the sixth amendment's confrontation clause to be present at all stages of trial. . . . It is also well settled that under the due process clauses of the fifth and fourteenth amendments a defendant must be allowed to be present at his trial to the extent that a fair and just hearing would be thwarted by his absence. . . . Nevertheless, the defendant's presence is not required when the right is waived. Waiver in this context is addressed both in our rules of practice and in our case law." (Citation omitted; internal quotation marks omitted.) *State* v. *Vines*, 71 Conn. App. 751, 767, 804 A.2d 877 (2002),

aff'd, 268 Conn. 239, 842 A.2d 1086 (2004).

Pursuant to Practice Book § 44-8: "The defendant must be present at the trial and at the sentencing hearing, but, if the defendant will be represented by counsel at the trial or sentencing hearing, the judicial authority may: (1) Excuse the defendant from being present at the trial or a part thereof or the sentencing hearing if the defendant waives the right to be present; (2) Direct that the trial or a part thereof or the sentencing hearing be conducted in the defendant's absence if the judicial authority determines that the defendant waived the right to be present; or (3) Direct that the trial or a part thereof be conducted in the absence of the defendant if the judicial authority has justifiably excluded the defendant from the courtroom because of his or her disruptive conduct . . . ." Consequently, the "trial court is authorized to direct the trial or a part thereof to be conducted in the absence of the defendant who is represented by counsel if the court determines that he has waived his right to be present." *State* v. *Simino*, supra, 200 Conn. 130.

"Waiver is the intentional relinquishment of a known right. Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied." (Internal quotation marks omitted.) *Talton* v. *Warden*, 171 Conn. 378, 385–86, 370 A.2d 965 (1976). Moreover, "whether there has been an intelligent and competent waiver of the right to presence must depend, in each case, upon the particular facts and circumstances surrounding that case." (Internal quotation marks omitted.) Id., 385.

The United States Supreme Court has stated that, where "the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." (Internal quotation marks omitted.) *Taylor* v. *United States*, 414 U.S. 17, 19, 94 S. Ct. 194, 38 L. Ed. 2d 174 (1973).

Turning to the reviewability of an unpreserved constitutional claim under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate

tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original; footnote omitted.) *State* v. *Golding*, supra, 213 Conn. 239–40, as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015).

"The first two [prongs of *Golding*] involve a determination of whether the claim is reviewable; the second two . . . involve a determination of whether the defendant may prevail" on the merits. (Internal quotation marks omitted.) *State* v. *Brown*, 279 Conn. 493, 500, 903 A.2d 169 (2006). Thus, *Golding* review of an unpreserved constitutional claim is available provided that the defendant can "present a record that is [adequate] for review and affirmatively [demonstrate] that his claim is indeed a violation of a fundamental constitutional right." (Internal quotation marks omitted.) *State* v. *Elson*, 311 Conn. 726, 755, 91 A.3d 862 (2014).

The defendant's claim is reviewable under *Golding* because the record before us is adequate to review it and the claim is of constitutional magnitude. We conclude, however, that the defendant cannot prevail on the merits because he is unable to demonstrate that a constitutional violation exists and that it deprived him of a fair trial. Specifically, the defendant cannot prevail because we conclude that he waived his constitutional right to be present by deliberately absenting himself from the sentencing proceedings, and, therefore, the trial court did not violate the defendant's constitutional right to be present at sentencing.

The record in this case is sufficient to support the conclusion that the defendant waived his right to be present at sentencing. As articulated in *Simino*, a defendant may waive his right to be present "by simply failing to show up for the trial through no fault of the state." *State* v. *Simino*, supra, 200 Conn. 128. While the defendant's failure to appear for sentencing alone satisfies waiver in this case, there is additional evidence in the record that shows that the defendant knew that he was required to be present at sentencing and knowingly and voluntarily relinquished his right to be present.

On November 3, 2017, when the defendant was convicted, the court, in granting the prosecutor's request to increase the defendant's bond, specifically stated that the defendant, "almost inevitably facing a . . . substantial prison sentence . . . [had] *some incentive not to show up*" at sentencing. (Emphasis added.) Here, it would be disingenuous to suggest that the defendant, who was at liberty on bail after the jury returned a guilty verdict, did not know he had a duty to appear at sentencing or that he did not know of the possibility that the sentencing would continue in his absence. "The right to release before trial is conditioned upon the accused's giving adequate assurance that he will stand trial and submit to sentence if found guilty. . . . Like

the ancient practice of securing the oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused." (Citation omitted.) *Stack* v. *Boyle*, 342 U.S. 1, 4–5, 72 S. Ct. 1, 96 L. Ed. 3 (1951).

Moreover, the record on February 22, 2018, clearly indicates that the defendant was aware that sentencing was scheduled for that day, yet he elected not to attend. In fact, the record indicates that the defendant specifically asked for a continuance from January 26, 2018 to February 22, 2018, because there were things he had to "take care of." At no point did the defendant assert that he was unaware that he needed to be present for sentencing or that he did not know when sentencing was scheduled. See, e.g., *State* v. *Simino*, supra, 200 Conn. 130 ("[t]he defendant thus had sufficient notice of the time and location of the instructions to the jury and that his presence was requested"). Rather, the record indicates that the defendant was aware that sentencing was scheduled for February 22, 2018, at 10 a.m. but that he elected not to attend because there were "things he had to do," which, notably, was the same excuse he had used when asking for the January 26, 2018 continuance. Specifically, defense counsel stated on the record that the defendant "indicated that he was running late, that he still had a few items to take care of and he implored me to ask this court to move the sentencing back to later today. I told him that pursuant to the court's hearing on the 26th of January that he had an obligation to be here at 10 a.m. and he needs to be here. *He said he would do his best; however, there were things that he had to do, and with that he just implored me to ask the court to move it back to later today.*" (Emphasis added.) As the court articulated, the defendant "demonstrated an extremely cavalier attitude" toward the sentencing process and left the court unclear as to whether "he would appear [that] afternoon or at any other time." In this scenario, the trial court did not abuse its discretion by denying the defendant's request to move sentencing back to later that day. "Permitting a defendant unilaterally to prevent his case from going forward would give him the license to defy the law with impunity, and in the process, to paralyze the proceedings of courts and juries." *State* v. *Drakeford*, 202 Conn. 75, 81, 519 A.2d 1194 (1987). We conclude that the defendant's failure to appear constituted a waiver of his right to be present at sentencing.

In support of his argument that the trial court violated his right to be present at all critical stages of trial by sentencing him in absentia, the defendant asserts that the trial court is required to make an express finding that the defendant waived his right to be present at sentencing. The defendant, however, has not cited to any case law that requires the trial court judge to

expressly make a finding of waiver. See *State* v. *Drakeford*, supra, 202 Conn. 81 ("[w]aiver does not have to be express, but may consist of acts or conduct from which waiver may be implied"); see also *State* v. *Durkin*, 219 Conn. 629, 636, 595 A.2d 826 (1991) ("[w]aiver need not be express, but rather, may be implied from the totality of the circumstances, including the [individual's] conduct"). Moreover, even though the court did not use the word waiver, the trial court's statement—"by not showing this morning he has demonstrated an extremely cavalier attitude to the entire process"—was the functional equivalent of finding an implied waiver. While we conclude that an express finding of waiver is not required to sentence a defendant in absentia, the court's statement regarding the defendant's "cavalier attitude" was the functional equivalent of a finding of an implied waiver.

The defendant also argues that the trial court was required to adequately inform the defendant, prior to imposing his sentence, that the sentencing would proceed in his absence. The defendant, however, has failed to provide case law that demonstrates that the purportedly necessary advisement is constitutionally required. The cases cited by the defendant are factually distinguishable from the present scenario. In his brief, the defendant relies on *State* v. *Gonzalez*, 205 Conn. 673, 689, 535 A.2d 345 (1987), *State* v. *Drakeford*, supra, 202 Conn. 81, *State* v. *Edwards*, supra, 158 Conn. App. 142–43, and *State* v. *Crawley*, 138 Conn. App. 124, 133–34, 50 A.3d 349 (2012), to support his argument that a trial court has a duty to inform a defendant, prior to sentencing him, that sentencing would proceed in his absence. In those cases, however, the defendants were removed from the courtroom due to disruptive behavior or pursuant to their own request. Additionally, the defendants in those cases were either in police custody or present at trial and then elected to leave. Here, the defendant was out on bond and unable to be found by the probation officer who was preparing the presentence investigation report. The defendant knew he needed to appear in court that day for sentencing, but he elected not to appear because there were "things he had to do." The trial court is not required to preemptively notify a defendant that his case will proceed in his absence without any indication that he would be absent at some later time. This requirement would give the defendant the power to control the court by unilaterally "prevent[ing] his case from going forward," allowing him to "defy the law with impunity, and in the process, to paralyze the [criminal] proceedings." *State* v. *Drakeford*, supra, 202 Conn. 81. Under the circumstances of this case, the trial court was not required to notify the defendant that sentencing would proceed in his absence. Because the defendant was aware of the scheduled date and time for sentencing, had already been granted a thirty day extension for sentencing, and

had spoken to his attorney ten minutes before the court sentenced him and offered no legitimate excuse for his absence, he waived his right to be present for sentencing, and, therefore, the court properly exercised its discretion in sentencing him in absentia. Accordingly, the claim fails under *Golding*.

The judgment is affirmed.

In this opinion the other judges concurred.

————————————————