# STATE OF CONNECTICUT *v.* ROSS V.[1]
## (AC 28251)

Lavine, Beach and Hennessy, Js.

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

1

Argued May 21—officially released August 26, 2008

*Joseph A. Jaumann*, special public defender, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom were *Patricia M. Froehlich*, state's attorney, and, on the brief, *Bonnie R. Bentley*, assistant state's attorney, for the appellee (state).

### Opinion

LAVINE, J. The defendant, Ross V., appeals from the judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and two counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). On appeal, the defendant claims that the trial court improperly (1) admitted constancy of accusation and impermissible hearsay evidence and (2) denied his motion for a continuance to obtain new counsel. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In 2001, the then fourteen year old victim moved to East Hartford to live with her mother. The defendant, at that time, was married to the victim's older sister. When the mother was unable to enroll the victim in the

East Hartford school system, the defendant offered to enroll her at a school close to his residence. The victim moved into the defendant's house to attend the school, and shortly afterward they began having sexual intercourse. They had intercourse multiple times until the victim moved out in April, 2002.

The defendant was arrested pursuant to a warrant on June 26, 2003. Also on June 26, 2003, he admitted to the intercourse in a signed, sworn statement. He ultimately was charged with two counts of sexual assault in the second degree in violation of § 53a-71 (a) (1) and two counts of risk of injury to a child in violation of § 53-21 (a) (2). After a jury trial, he was found guilty on all four counts and sentenced to ten years in prison. This appeal followed.

I

The defendant's first claim is that the court abused its discretion in admitting the testimony of the victim's mother and sister because it was hearsay that fell outside the scope of the constancy of accusation doctrine established in *State* v. *Troupe*, 237 Conn. 284, 677 A.2d 917 (1996) (en banc). We decline to review this claim because the defendant waived any objection to the testimony at the trial.

The following portions of the state's direct examination are relevant to the resolution of the defendant's claim. After the victim testified that she had informed her mother and sister about her sexual relationship with the defendant, the prosecutor conducted a direct examination of her mother:

"[The Prosecutor]: Did she tell you where they had sex?

"[The Witness]: Yes.

"[The Prosecutor]: What did she tell—

"[Defense Counsel]: Objection, Your Honor. I don't think this is a permissible hearsay.

"[The Prosecutor]: *State* v. *Troupe*, [supra, 237 Conn. 284], Your Honor, constancy.

"[Defense Counsel]: That's the limitation. I would request an instruction to that effect.

"The Court: All right. Let's get through the line of questioning, and I'll give an instruction, okay?

"[Defense Counsel]: Yes, sir."

The victim's mother proceeded to testify about the fact that the victim reported what had taken place between her and the defendant. At the conclusion of the mother's direct examination, the court instructed the jury on the use of constancy of accusation testimony. The defendant took no exception to the limiting instruction.

After the mother's testimony, the prosecutor conducted a direct examination of the victim's sister. When the prosecutor asked the sister: "What did [the victim] tell you about her and [the defendant]?" defense counsel again objected on the ground of hearsay. The prosecutor replied: "It's still *State* v. *Troupe*, [supra, 237 Conn. 284], Your Honor," and defense counsel replied, "Yes, I just wanted to make sure we—." The sister then testified as to the time and place of the reported abuse. When it gave its general charge, the court again instructed the jury on the use of constancy of accusation evidence without any objection from defense counsel.

We conclude that the defendant waived his claim that the court improperly admitted hearsay that fell outside of the *Troupe* constancy exception.[2] "Waiver consists

---

[2] The constancy of accusation doctrine, codified in § 6-11 (c) of the Connecticut Code of Evidence, allows testimony from persons to whom the complainant in a sexual assault case reported the assault. See generally *State* v. *Troupe*, supra, 237 Conn. 284. Such testimony is limited to the fact and timing of the reported abuse. Id., 304. The defendant also argues that the testimony of the victim's mother and sister was not proper constancy

of the intentional abandonment or voluntary relinquishment of a known right. . . . [It] involves the idea of assent, and assent is an act of understanding. . . . [W]aiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. In other words, waiver may be inferred from the circumstances if it is reasonable to do so." (Citations omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Brown*, 67 Conn. App. 183, 188, 786 A.2d 1140 (2001), cert. denied, 259 Conn. 919, 791 A.2d 568 (2002).

After counsel objected to the testimony at issue from the victim's mother and sister, the prosecutor stated that the witnesses' testimony was offered for constancy purposes, and defense counsel agreed to its admission and even requested jury instructions to that effect. Counsel did not object to the court's jury instructions on the use of constancy evidence. See *State* v. *Fabricatore*, 89 Conn. App. 729, 738–40, 875 A.2d 48 (2005) (defendant implicitly waived claim when he agreed to court's curative instructions without objecting or taking exception to them), aff'd, 281 Conn. 469, 915 A.2d 872 (2007); see also *State* v. *Kelly*, 106 Conn. App. 414, 427–28, 942 A.2d 440 (2008) (defense counsel's acquiescence to introduction of constancy of accusation evidence was waiver of claim). "The waiver . . . does not have to be express, but may be implied from the acts or conduct of the defendant." *State* v. *Ramos*, 201 Conn. 598, 604, 519 A.2d 9 (1986). The defendant agreed to the admission of the testimony for constancy purposes and may not now resuscitate his earlier hearsay objection. "Although we have characterized the constancy

of accusation evidence under *Troupe* because they initially found out about the abuse by reading the victim's diaries, and, therefore, the abuse was not "reported" to them. The defendant failed to raise this basis of his evidentiary claim at trial, and it is therefore unpreserved for our review. See *State* v. *Epps*, 105 Conn. App. 84, 98, 936 A.2d 701 (2007), cert. denied, 286 Conn. 903, 943 A.2d 1102 (2008).

of accusation doctrine as an exception to the hearsay rule . . . [c]onstancy evidence is properly viewed as a peculiar species of evidence . . . admissible only to assist the jury in evaluating the credibility of the alleged victim and not to prove the truth of the facts recited . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Troupe*, supra, 237 Conn. 290–91 n.7. We therefore conclude that the defendant waived his claim that the court abused its discretion by improperly admitting hearsay that fell outside the scope of the constancy of accusation exception.[3]

## II

The defendant's second claim is that the court abused its discretion by denying his request for a continuance. Specifically, the defendant asserts that his request was reasonable and that the denial substantially prejudiced his ability to defend himself because his counsel's performance fell below the standard for effective assistance of counsel. We conclude that the court did not abuse its discretion in denying the request for a continuance.

The following facts are relevant to our resolution of the defendant's claim. In September, 2004, attorney Robert C. McCoy was appointed as a special public defender to represent the defendant. Prior to requesting a continuance, the defendant appeared in court with McCoy sixteen or seventeen times. The jury selection commenced on June 6, 2006, and the defendant orally requested a continuance on July 11, 2006, shortly before the end of the state's case-in-chief. He based the request on what he perceived to be his counsel's lack of preparation, inability to manage the case, personal problems

---

[3] The waiver precludes us from reviewing the defendant's claim, as requested, under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), because "unpreserved, waived claims, fail under the third prong of *Golding* . . . ." *State* v. *Fabricatore*, 281 Conn. 469, 482, 915 A.2d 872 (2007).

and failure to cross-examine key state's witnesses long enough. The defendant further stated that he had contacted a private attorney and that his father had pledged financial assistance in retaining her. He admitted, however, that the attorney was on vacation and had not yet agreed to take his case.

The court orally denied the defendant's request for a continuance, specifically noting that the defendant had failed to show the "great need" required for a last minute change of counsel under *State* v. *Beaulieu*, 164 Conn. 620, 627, 325 A.2d 263 (1973) ("last-minute requests for change of counsel, absent some showing of *great need*, should be refused" [emphasis added]). The court stated that the defendant's mere dissatisfaction with his counsel did not demonstrate "great need," his desire that counsel cross-examine each witness "for days" was unrealistic and the jury could be lost if the trial was continued until the defendant met with a private counsel upon her return from a vacation.

"The determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made. . . . To prove an abuse of discretion, an appellant must show that the trial court's denial of a request for a continuance was arbitrary. . . . There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, *particularly in the reasons presented to the trial judge at the time the request is denied.*" (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Hamilton*, 228 Conn. 234, 239–40, 636 A.2d 760 (1994). After the commencement of trial, neither a right to be represented by counsel of

choice nor a right to due process entitle a defendant to a continuance on demand. Id., 239.

Among the factors that may enter into the court's exercise of discretion in considering a request for a continuance are "the timeliness of the request for continuance; the likely length of the delay . . . the impact of delay on the litigants, witnesses, opposing counsel and the court; the perceived legitimacy of the reasons proffered in support of the request . . . the timing of the request; the likelihood that the denial would substantially impair the defendant's ability to defend himself; [and] the availability of other, adequately equipped and prepared counsel to try the case . . . ." Id., 240. "We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of the trial." (Internal quotation marks omitted.) *State* v. *Calderon*, 82 Conn. App. 315, 320, 844 A.2d 866, cert. denied, 270 Conn. 905, 853 A.2d 523, cert. denied, 543 U.S. 982, 125 S. Ct. 487, 160 L. Ed. 2d 361 (2004). "In order to work a delay by a last minute [replacement] of counsel there must exist exceptional circumstances." (Internal quotation marks omitted.) *State* v. *Hamilton*, supra, 228 Conn. 239.

In light of the factors set out in *Hamilton* and *Calderon*, we cannot conclude that the court abused its discretion. The court acted within its discretion when it considered the potential jury loss if the trial was continued so that the defendant could meet with an attorney who had not yet agreed to take his case. See id., 241. The court also acted entirely within its discretion in denying a request that was submitted five days into the evidence and after the state had almost completed its case-in-chief. See *State* v. *Calderon*, supra, 82 Conn. App. 320–21; *State* v. *Ortiz*, 40 Conn. App. 374, 386, 671 A.2d 389 (motion for continuance denied when witnesses already subpoenaed and six jurors selected), cert. denied, 236 Conn. 916, 673 A.2d 1144 (1996). We

conclude that the court acted within its discretion in light of the untimely request, the absence of new counsel prepared and willing to take over the case and the risk of losing jurors.[4]

Finally, as part of his argument that the court improperly failed to grant a continuance, the defendant asserts that the court abused its discretion when it failed to evaluate the effectiveness of his counsel pursuant to *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). He asserts that a *Strickland* analysis should have been factored into the court's review of the "legitimacy of the reasons proffered in support" of his request for a continuance. See *State* v. *Hamilton*, supra, 228 Conn. 239. Generally, a claim of ineffective assistance of counsel is addressed in a petition for a writ of habeas corpus, not at trial. See *State* v. *Gonzalez*, 205 Conn. 673, 684, 535 A.2d 345 (1987); but see *State* v. *Scales*, 82 Conn. App. 126, 129–30, 842 A.2d 1158 (claim of ineffective assistance of counsel resulting in guilty plea reviewed on direct appeal), cert. denied, 269 Conn. 902, 851 A.2d 305 (2004). We therefore conclude that the court did not abuse its discretion

---

[4] In his brief, the defendant also claims that the court failed to consider certain representations made by the prosecutor at the time the court was considering the defendant's motion for a continuance. The prosecutor represented that at a meeting of the judicial branch's ad hoc criminal practice committee in March, 2005, she raised the issue of whether there was any oversight to the appointment of special public defenders. The prosecutor informed the court that following the meeting, she had provided the chief public defender, Gerard A. Smyth, copies of motions and transcripts relating to McCoy's representation of the defendant. The prosecutor also told the court that Smyth concluded that it would be inappropriate to interfere with the attorney-client relationship existing between McCoy and the defendant. The court did not address the prosecutor's representations in denying the defendant's motion for a continuance. The defendant failed to request an articulation, asking the court whether it took the prosecutor's comments into consideration when denying the motion for a continuance. We decline to review claims for which there is an inadequate record. See *State* v. *Clark*, 107 Conn. App. 819, 829, 947 A.2d 351, cert. granted on other grounds, 288 Conn. 916, 954 A.2d 187 (2008).

when it denied the defendant's motion for a continuance to retain new counsel.

The judgment is affirmed.

In this opinion the other judges concurred.