STATE OF CONNECTICUT *v.* SCOTT A. CRAWLEY
(AC 32610)

Gruendel, Bear and Bishop, Js.

---

Argued May 14—officially released September 11, 2012

*Glenn W. Falk*, special public defender, for the appel-
lant (defendant).

*Robert J. Scheinblum*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Kathleen A. Dwyer*, senior assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Scott A. Crawley, appeals from the judgments of conviction, rendered following a jury trial, of various offenses related to two separate incidents. On appeal, the defendant claims that the trial court (1) improperly proceeded with the trial in his absence without ascertaining that he validly waived his right to confrontation, (2) failed to grant a continuance to allow him to obtain alternative counsel and (3) failed to hold a second competency hearing.[1] We affirm the judgments of the trial court.

The defendant's appeal involves two files for offenses committed during two separate incidents. The first file pertained to charges against the defendant arising from a May 23, 2002 incident (first case), with docket numbers CR-02-0183551-S and MV-02-0346006-S, and the second file pertained to those charges against the defendant arising from a September 5, 2002 incident (second case), with docket numbers CR-02-0185248-S and MV-02-0383935-S. The two files were consolidated and were to be tried jointly before a jury. On March 9, 2004, after the jury had been selected and just before the presentation of evidence was to begin, the defendant appeared before the court outside of the presence of

[1] The defendant also claims that the court deprived him of his right to a jury trial by enhancing his sentence pursuant to General Statutes § 53a-40b based on its finding that he committed the offenses while out on bond. The defendant concedes that this claim is bound by *State* v. *Fagan*, 280 Conn. 69, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007). In *Fagan*, our Supreme Court rejected the claim that a trial court deprives a defendant of his constitutional right to a jury trial when it enhances its sentence pursuant to § 53a-40b. Id., 89–102. Accordingly, we do not address this claim.

the jury. He informed the court that attorney Terri Bayer represented him in the first case, and not attorney Donald Freeman, who was present. The courtroom clerk noted that there was an undated appearance from Bayer and that Freeman had filed an appearance on October 24, 2002, in lieu of attorney John Hyde, a colleague of Bayer's. The defendant reiterated that Bayer was his lawyer, that he had written her a letter and that Freeman was not his lawyer. Freeman stated that in October, he had conversations with the defendant and Hyde and agreed to file an appearance in lieu of Hyde in the first case. The state agreed that the only appearance in its file was for Freeman and that it was for both cases.

The court took a ten minute recess and requested that the court clerk's office contact Bayer's office to determine whether either Bayer or Hyde represented the defendant. The defendant began "acting up" with the courtroom marshal, and the court instructed the marshal to remove the defendant from the courtroom. Following the recess, the court warned the defendant that his behavior earlier interrupted the proceedings. and that continued disturbances would not be tolerated. The court told the defendant that if he continued to conduct himself in such a manner, he would be removed from the courtroom and would not be able to participate in the trial. The court also asked the defendant if he understood. The defendant replied that he did.

The court then informed the defendant that the clerk's office had reached Hyde and that it was his position that neither he nor Bayer represented the defendant in the matter. The defendant stated that Freeman did not represent him, either, and that he needed to obtain new counsel. The court informed the defendant that Freeman did represent him, as he had filed an appearance. The defendant disputed that, stating that he had a say in who would be his attorney. The court informed the defendant that he indeed did have

a say in who would be his attorney, but only up until the time of trial, after which he needed a continuance from the court to hire new counsel. The defendant stated that he wanted to hire different counsel. The court denied the request because (1) the case had been pending since May, 2002, (2) Freeman's appearance had been in the file since October 24, 2002, (3) the case already had been continued thirteen or fourteen times and (4) Hyde did not appear for the defendant on any of those continuances, nor did anyone else from his firm. The court concluded that because the jury had been selected and the presentation of evidence was to commence that morning, Freeman would continue to represent the defendant.

Thereafter, a discussion ensued about whether the defendant wanted to accept the state's plea offer rather than proceed to trial. The defendant did not accept the offer. The court then asked the parties whether there was anything further before it brought in the jury. The court and the defendant had another exchange about Freeman that culminated in the defendant's leaving the courtroom.[2] Freeman subsequently made an oral

---

[2] The following colloquy transpired between the court and the defendant:

"The Defendant: He's not my lawyer, so I'm leaving the courtroom. You all can do whatever you want to do, I'm leaving. You're not my lawyer. You're not representing me. So, I'll leave the courtroom.

"The Court: Mr. Crawley, if you want to voluntarily absent yourself from the proceedings, that's your choice.

"The Defendant: I want to leave the courtroom. He's not my lawyer. You can't force him to represent me on this case. You can't force him. So, I'm leaving the courtroom.

"The Court: Okay.

"The Defendant: You can't force him to represent me on this case.

"The Court: Okay.

"The Defendant: He's not my lawyer. I paid Terri Bayer for this case, so she's supposed to be here.

"The Court: All right, you can remove the defendant since he does not want to be present during the proceedings.

"The Marshal: Yes, Your Honor.

"(WHEREUPON, THE DEFENDANT VOLUNTARILY ASKED TO BE REMOVED FROM THE COURTROOM.)

motion for a competency examination pursuant to General Statutes § 54-56d (c), which the court denied.

The defendant was not present during the direct or cross-examination of any of the witnesses. As to the first case, the jury found the defendant guilty of possession of marijuana in violation of General Statutes § 21a-279 (c), possession of drug paraphernalia in violation of General Statutes § 21a-267, operation of a motor vehicle while his license was under suspension in violation of General Statutes § 14-215 (a) and two counts of interfering with a police officer in violation of General Statutes § 53a-167 (a). The jury also found the defendant guilty of possession of narcotics in violation of § 21a-279 (a), possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and operation of a motor vehicle while his license was under suspension in violation of § 14-215 (a) related to the second case.

Pursuant to a part B information, the court found that the defendant committed the offenses related to the second case while on release, thereby subjecting him to a sentence enhancement pursuant to General Statutes § 53a-40b. On June 3, 2004, the court imposed a total effective sentence of twenty-seven years incarceration. Following a trial on the merits, a habeas court restored the defendant's appellate rights on May 17, 2010. This appeal followed. Additional factual and procedural history will be set forth as necessary.

I

The defendant claims first that the court improperly continued the trial in his absence without ascertaining

"The Court: If you change your mind, Mr. Crawley, and you want to come back—

"The Defendant: As long as Terri Bayer is here, I'll change my mind. I'll come back.

"The Court:—please let the marshal know.

"(WHEREUPON, THE DEFENDANT WAS TAKEN BACK TO LOCKUP)."

that he validly waived his sixth amendment right to confrontation. We disagree.

The defendant affirmatively requests review of this claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] We review the defendant's claim because the record is adequate for review and the claim is of constitutional magnitude. See *State* v. *Peeler*, 271 Conn. 338, 369 n.29, 857 A.2d 808 (2004), cert. denied, 546 U.S. 845, 126 S. Ct. 94, 163 L. Ed. 2d 110 (2005). We determine, however, that the defendant waived his right to be present during the trial and conclude that the alleged constitutional violation therefore fails to satisfy the third prong of *Golding*.

"It has long been settled that an accused enjoys a right both at common law and pursuant to the sixth amendment's confrontation clause to be present at all stages of trial. . . . It is also well settled that under the due process clauses of the fifth and fourteenth amendments a defendant must be allowed to be present at his trial to the extent that a fair and just hearing would be thwarted by his absence. . . . Nevertheless, the defendant's presence is not required when the right is waived. Waiver in this context is addressed both in our rules of practice and in our case law.

"Under our rules of practice, the trial court in its discretion may exclude the defendant if it determines that the defendant waived his right to be present or if the defendant's absence is justified due to his or her

---

[3] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

conduct. Practice Book § 44-8 provides in relevant part: The defendant must be present at the trial and at the sentencing hearing, but, if the defendant will be represented by counsel at the trial or sentencing hearing, the judicial authority may: (1) Excuse the defendant from being present at the trial or a part thereof or the sentencing hearing if the defendant waives the right to be present; (2) Direct that the trial or a part thereof or the sentencing hearing be conducted in the defendant's absence if the judicial authority determines that the defendant waived the right to be present . . . .

"Relevant cases instruct that [a] defendant in a criminal prosecution may waive one or more of his or her fundamental rights. . . . In [State v.] Patterson, [230 Conn. 385, 396, 645 A.2d 535 (1994)], our Supreme Court stated that [i]n some circumstances, a waiver of rights must be knowing, voluntary and intelligent, and it must be expressly made. . . . In other circumstances, waiver can be implied. . . . Our Supreme Court has . . . held that a defendant may waive his constitutional right to be present during trial merely by an unexplained absence. . . .

"In discussing the circumstances in which a valid waiver might be present, our Supreme Court noted that [w]hether there has been an intelligent and competent waiver of the right to presence must depend, in each case, upon the particular facts and circumstances surrounding that case. . . . [A] waiver of the right to be present at a criminal trial may be inferred from certain conduct engaged in by the defendant after the trial has commenced." (Citations omitted; internal quotation marks omitted.) State v. Vines, 71 Conn. App. 751, 767–68, 804 A.2d 877 (2002), aff'd, 268 Conn. 239, 842 A.2d 1086 (2004). "[A] trial court need not engage in a colloquy with a defendant expressly focused on the defendant's understanding of his right to be present to determine that a waiver of the right of presence was

valid. Rather, the court may infer the defendant's waiver from the totality of his acts and conduct, so long as the defendant has been adequately informed that the trial would continue in his absence." *State* v. *Gonzalez,* 205 Conn. 673, 689, 535 A.2d 345 (1987).

The record in this case is sufficient to support the conclusion that the defendant waived his right to be present during the trial. When the defendant's behavior initially interrupted the proceedings, the court warned the defendant that further interruptions would not be tolerated, and that if he continued to behave in such a manner, he would be removed from the courtroom during the trial and would not be able to participate in the trial. The court asked the defendant if he understood, and he said yes. Although the defendant was not removed because of his disruptive conduct, that statement informed him that the trial could continue in his absence. When the defendant later refused to accept Freeman as his attorney, he told the court that he was leaving the courtroom and that "[y]ou all can do whatever you all want to do, I'm leaving." The defendant's statement indicates that he understood the proceedings would continue in his absence. The court informed the defendant that it was his choice to leave, and the defendant then voluntarily asked to be removed from the courtroom. The court instructed the marshal that the defendant could be removed "since [the defendant] does not want to be present during the proceedings." This statement again indicated to the defendant that the proceedings would continue in his absence. The court also informed the defendant that if he changed his mind and wanted to come back, he should let the marshal know. The defendant did choose to return to the proceedings and was present when the court delivered its charge to the jury.

We appreciate that the defendant's right to be present at all stages of his trial is "scarcely less important to

the accused than the right of trial itself."[4] *Diaz* v. *United States*, 223 U.S. 442, 455, 32 S. Ct. 250, 56 L. Ed. 500 (1912). However, "[w]e cannot permit an accused to elect one course at the trial and then . . . to insist on appeal that the course which he rejected at the trial be reopened to him . . . ." (Internal quotation marks omitted.) *State* v. *Drakeford*, 202 Conn. 75, 81, 519 A.2d 1194 (1987). "If a defendant deliberately leaves the courtroom after his trial has begun, he forfeits his right to be present at trial. . . . Having forfeited that right, he cannot be allowed to claim any advantage because of his absence." (Citation omitted.) Id.

Where, as here, the court indicated to the defendant that the trial would continue in his absence and he voluntarily left, the defendant's waiver may be inferred from his conduct. See *State* v. *Gonzalez*, supra, 205 Conn. 689. Because the defendant waived his right to be present for the trial, we conclude that he has failed to demonstrate that the alleged constitutional violation clearly deprived him of a fair trial. The defendant, therefore, has failed to satisfy his burden pursuant to the third prong of *Golding*.

II

The defendant claims next that the court abused its discretion in refusing to grant a continuance to allow him to obtain alternative counsel. We disagree.

Although the original appearance forms are not in the record before us, the transcripts of various proceedings

---

[4] Recognizing that importance, we agree with our Supreme Court's statement in *State* v. *Drakeford*, 202 Conn. 75, 81, 519 A.2d 1194 (1987), that "[w]hile we have not required the procedure of bringing the defendant personally before the court, advising him of his right to be present, and then permitting a knowing and intelligent waiver . . . we do believe that a defendant should be warned of the consequences of his failure to attend trial." (Citation omitted.) The court concluded, however, that "it is sufficient if the trial court indicates to the defendant that the trial will continue in his absence"; id.; and it is therefore that standard that we apply in the present case.

offer some indication of the appearances that were made on behalf of the defendant. On September 19, 2002, Freeman and Hyde appeared before the court. The defendant also was present. Freeman told the court that he represented the defendant in docket number CR-02-0185248-S, the second case, and Hyde told the court that he represented the defendant in the first case, docket number CR-02-0183551-S. Freeman explained at the start of the trial that in October, he had conversations with the defendant and Hyde and, on the basis of those conversations, he agreed to file his appearance in lieu of Hyde in the first case. On October 24, 2002, both attorneys again appeared before the court, and Hyde told the court that Freeman was going to file an appearance in lieu of his appearance in the first case.[5] From that point on, neither Hyde nor Bayer appeared in court on the defendant's behalf.

"The determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's discretion will be made. . . . To prove an abuse of discretion, an appellant must show that the trial court's denial of a request for a continuance was arbitrary. . . . There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, *particularly in the reasons presented to the trial judge at the time the request is denied.* . . . After the commencement of trial, neither a right to be represented by counsel of choice nor a right to due process entitle a defendant to a continuance on demand. . . .

---

[5] The record before us does not reflect whether the defendant was present for this proceeding, as he was for the September 19, 2002 proceeding.

"Among the factors that may enter into the court's exercise of discretion in considering a request for a continuance are the timeliness of the request for continuance; the likely length of the delay . . . the impact of delay on the litigants, witnesses, opposing counsel and the court; the perceived legitimacy of the reasons proffered in support of the request . . . the timing of the request; the likelihood that the denial would substantially impair the defendant's ability to defend himself; [and] the availability of other, adequately equipped and prepared counsel to try the case. . . . We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of the trial. . . . In order to work a delay by a last minute [replacement] of counsel there must exist exceptional circumstances." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Ross V.*, 110 Conn. App. 1, 7–8, 953 A.2d 945, cert. denied, 289 Conn. 939, 958 A.2d 1247 (2008).

The defendant argues that, because Freeman stated that there had been a breakdown in communication, the court improperly denied his request for a continuance to find new counsel. Our Supreme Court has observed that "[a]lthough under some circumstances a complete breakdown in communication between a defendant and his counsel may warrant appointment of new counsel . . . a defendant is not entitled to demand a reassignment of counsel simply on the basis of a breakdown in communication which he himself induced." (Citation omitted; internal quotation marks omitted.) *Sekou* v. *Warden*, 216 Conn. 678, 688, 583 A.2d 1277 (1990). In moving for a competency evaluation, Freeman stated that there had been a breakdown in communication because the defendant "listens to nothing. And not only does he not listen, he doesn't allow me to speak." The court reasonably concluded that the defendant was responsible for whatever lack of communication

existed at the outset of his trial.[6] Accordingly, the defendant cannot now rely on a breakdown in communication that he induced to argue that his motion for a continuance to find new counsel should have been granted.

The defendant additionally argues that, because Bayer's and Hyde's firm still appears as counsel of record on the Judicial Branch's website in MV-02-0383935-S, the motor vehicle docket associated with the second case, there was sufficient cause to grant a continuance. We cannot discern whether Freeman had an appearance in the motor vehicle file associated with the second case from the record before us. We reiterate that both attorneys represented to the court that although Hyde initially represented the defendant in the first case and Freeman in the second, Freeman filed an appearance in lieu of Hyde in the first matter. There is no indication in the transcripts or the record before us that Hyde, nor his colleague Bayer, ever filed an appearance in the second case. At no time was it brought to the court's attention that Freeman did not have an appearance filed for docket number MV-02-0383935-S. The court ascertained that Freeman was the only attorney with an appearance filed on the defendant's behalf and confirmed that neither Hyde nor Bayer represented the defendant in any of the pending matters. Both Freeman and the prosecutor confirmed that Freeman was the counsel of record in both cases. On the basis of our review of the record, we cannot conclude that the court abused its discretion by denying the request for a continuance because of the confusion caused by the various appearances. The defendant has not demonstrated that there existed the exceptional circumstances necessary

[6] In ruling on Freeman's motion for a competency evaluation, the court stated: "I don't find that he's unable to understand the proceedings, or unable to assist counsel. I just find that he's a management problem in that he doesn't like what he's hearing and so he's acting out accordingly."

to warrant a delay by a last minute replacement of counsel. See *State* v. *Ross V.*, supra, 110 Conn. App. 8.

We also note the court's finding that the defendant's request was an attempt to delay the proceedings. In ruling on Freeman's motion for a competency evaluation, the court noted that "the whole issue with attorney Bayer representing him, he decided to bring this morning just as we're about to start the evidence in this case, even though neither Ms. Bayer, nor Mr. Hyde nor anyone from their office had been in court with him for the last thirteen or fourteen court appearances. If [the defendant] truly believed that . . . Ms. Bayer represented him or Mr. Hyde, then that's something that he would have made known to the court sometime in advance. So, what I discern from that is that the defendant [is] not liking where we are at in terms of this trial, in other words . . . [he] is now doing everything he can to disrupt the orderly presentation of evidence in this case." "A court need not permit the replacement of counsel upon a defendant's mere whimsical demand and certainly not where it is evident that a professed disenchantment with his lawyer is a subterfuge to secure an unwarranted delay in the trial." (Internal quotation marks omitted.) *Sekou* v. *Warden*, supra, 216 Conn. 686–87. The record supports the court's finding that the defendant had other opportunities to make known to the court that Freeman was not his counsel of choice in the first case. For example, the defendant was present in court with Freeman on March 2, 2004, for jury selection, at the outset of which the court informed the jury panel that the case involved charges related to two files from two incidents. In light of the court's finding that the defendant's request for a continuance to find new counsel was merely a delay tactic, we cannot conclude that the court abused its discretion in denying such a request.

## III

The defendant also claims that the court abused its discretion and denied him due process of law by proceeding with the trial without further determining whether he was competent to stand trial. We disagree.

After the defendant left the courtroom, Freeman made an oral motion for a competency evaluation pursuant to § 54-56d. Freeman argued that the defendant's behavior suggested that he was "not in touch with reality." He argued that there had been a breakdown in communication and that there is "a mental process that prevents [the defendant] from cooperating with counsel." The court denied the motion and concluded, based on its observations of the defendant, that he merely was attempting to disrupt the orderly presentation of evidence in this case. It did not find that he was unable to understand the proceedings or unable to assist counsel, and determined that there was no psychiatric component to the defendant's behavior.

"As a matter of constitutional law, it is undisputed that the guilty plea and subsequent conviction of an accused person who is not legally competent to stand trial violates the due process of law guaranteed by the state and federal constitutions. . . . This constitutional mandate is codified in our state law by . . . § 54-56d (a), which provides that [a] defendant shall not be tried, convicted or sentenced while he is not competent. For the purposes of this section, a defendant is not competent if he is unable to understand the proceedings against him or to assist in his own defense. . . . [Section] 54-56d (b), however, posits a presumption in favor of a defendant's competence. . . . Every criminal defendant is presumed to be competent. General Statutes § 54-56d (b). During the course of the criminal proceedings, however, if it appears that the defendant is not competent, either party or the court may request

an examination to determine the defendant's competency. General Statutes § 54-56d (c).

"The provisions of § 54-56d state that if it appears that the defendant is not competent, and if the trial court finds that a request for a competency evaluation is justified, the court must order a competency examination. We have interpreted this standard as requiring a competency evaluation any time a reasonable doubt is raised regarding the defendant's competency. . . . To establish such reasonable doubt, the defendant must present substantial evidence, not merely allegations, that he is incompetent. . . . Substantial evidence is a term of art. Evidence encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is substantial if it raises a reasonable doubt about the defendant's competency . . . .

"We review the court's ruling on a motion for a competency evaluation under the abuse of discretion standard. . . . In determining whether the trial court [has] abused its discretion, this court must make every reasonable presumption in favor of [the correctness of] its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *State* v. *Kendall*, 123 Conn. App. 625, 650–51, 2 A.3d 990, cert. denied, 299 Conn. 902, 10 A.3d 521 (2010).

The defendant argues that the court improperly rejected his counsel's representations that his "behavior suggests . . . that he is not in touch with reality" and that "there's something not quite right in his head." We disagree. "Although the opinion of defense counsel is a factor to be considered when considering a § 54-56d

motion, the court need not accept counsel's opinion without question." *State* v. *Collazo*, 113 Conn. App. 651, 663, 967 A.2d 597, cert. denied, 293 Conn. 904, 976 A.2d 705 (2009). The court denied the motion on the basis of its own observations of the defendant. See *State* v. *DesLaurier*, 230 Conn. 572, 590, 646 A.2d 108 (1994) (trial court may rely on its own observations of defendant, including demeanor, tone and attitude). The court's observation of the defendant in this case was that his lack of cooperation with counsel was an attempt to delay or disrupt the proceedings. Such behavior is insufficient to establish incompetence. See *State* v. *Johnson*, 22 Conn. App. 477, 489, 578 A.2d 1085 (defendant's "obstreperous, uncooperative or belligerent behavior" including refusal to return to court and hostility toward attorney did not require competency evaluation), cert. denied, 216 Conn. 817, 580 A.2d 63 (1990). The court did not abuse its discretion in denying the motion for a competency evaluation.

The judgments are affirmed.

In this opinion the other judges concurred.